UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIREO SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:14-cv-2359 |
| | ) Judge Sharp/Bryant |
| HTG VENTURES, LLC, JOHN T. LEWIS, JR., and TIMOTHY KENSINGER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint, which is Defendants' second attempt to dismiss the claims at issue. (Docket No. 73). This Court previously denied Defendants' Motion to Dismiss in its entirety. (Docket Nos. 71–2). The instant Motion fares no better: for the reasons set forth below, Defendants' motion will be denied.

Defendants present two arguments for dismissal.[1] Defendants first assert that Plaintiff's claim for breach of fiduciary duty, Count III, must be dismissed because the claim now includes a request for punitive damages. (Docket No. 65 at ¶ 103). This argument does not even implicate the familiar 12(b)(6) standard, which "properly targets claims, not remedies." Goodman v. J.P. Morgan Invest. Mgmt., Inc., No. 2:14-CV-414, 2015 WL 965665, at *6 (S.D. Ohio Mar. 4, 2015). Indeed, "the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." 5 Wright & Miller, Federal Practice and

---

[1] A summary of the facts can be found in the Court's Memorandum denying Defendants' previous motion to dismiss. (Docket No. 71 at 1–6).

Procedure: Civil § 1255 at 508–09 (3d ed. 2004). See also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108 (8th Cir. 2011) (citing Wright & Miller); Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) (noting that while a Complaint must seek a demand for relief, "the demand is not itself a part of the plaintiff's claim"). This Court has already found that Plaintiff may be entitled to relief of some type on all claims, including Count III. (Docket No. 71). Regardless of whether punitive damages are properly sought, which the Court declines to address at this time, the mere fact that Plaintiff requested this relief does not entitle Defendant to dismissal of the claim itself. Accordingly, this argument fails.

Defendants also again ask the Court to dismiss Plaintiff's claim for violations of the Massachusetts Limited Liability Company Act, Count V, because it "is based on ProMera's – and not Defendants' – alleged statutory obligations." (Docket No. 74 at 5). But as Defendants themselves acknowledge, the Court has already rejected this argument:

> In asserting its Rule 12(b)(6) argument, Defendants offer a familiar refrain: Counts II through VI of the Amended Complaint allege wrongdoing that was undertaken by ProMera, not Defendants. Based on the same rationale set forth with regards to personal jurisdiction, the Court is disinclined to allow Defendants to deflect Plaintiff's claims in this way. Defendants do not abandon their HTG identities by simply by donning their ProMera hats. The task of disentangling one business identity from the other, particularly in a small company, is far more complicated than Defendants allow.

(Docket No. 71 at 15–6). Defendants have not presented any new arguments in support of dismissing this claim and the Court remains just as wary of this attempt to insulate Defendants against claims of wrongdoing as it was the last time Defendants (unsuccessfully) asserted this version of mistaken identity. Defendants' second argument in favor dismissal is therefore also unavailing.

For the reasons set forth above, Defendants Motion to Dismiss the Amended Complaint (Docket No. 73) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE