```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

VIREO SYSTEMS, INC.,            )
                                )
        Plaintiff               )
                                )        No. 3:14-2359
v.                              )        Chief Judge Sharp/Bryant
                                )        **Jury Demand**
HTG VENTURES, LLC; *et al*.     )
                                )
        Defendants              )

## MEMORANDUM AND ORDER

There are two motions to compel discovery pending in this case. Plaintiff Vireo has filed its motion to compel discovery specified in discovery statements (Docket Entry No. 115), to which Defendants have responded in opposition (Docket Entry No. 127). Plaintiff has filed a reply (Docket Entry No. 131-1).

Defendants have filed their motion to compel discovery responses and production of documents (Docket Entry No. 122).

The Court-appointed Receiver for Defendant HTG Ventures, LLC, has filed his position statement regarding these two pending motions to compel discovery (Docket Entry No. 231).

As a general statement, Rule 26(b)(1) provides in pertinent part that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The rule further provides that information within this scope of discovery need not be admissible in evidence to be discoverable.

The undersigned Magistrate Judge has reviewed the motion papers of the parties as well as the statement of position filed by the

Receiver. The undersigned finds the Receiver's proposal regarding this position of the two pending motions to compel discovery to be persuasive.

Therefore, the undersigned finds that Plaintiff Vireo's motion to compel discovery (Docket Entry No. 115) should be **GRANTED** in part and **DENIED** in part. Specifically, the undersigned finds that Defendants shall produce the following described documents in response to Plaintiff's requests for production Nos. 1 and 3:

1. Documents that support, describe or evidence the fulfillment fees and administrative fees charged in connection with any ProMera product as well as any intercompany loans among the entities that are consolidated with Harvest Trading Group, Inc. for tax or accounting purposes;

2. Annual financial statements, including any balance sheets, income statements, comparative combined income statements, profit/loss statements, cash flow statements and detailed, itemized general ledgers, whether maintained for one or multiple parties or in one or multiple formats, for Harvest Trading Group, Inc., HTG Technologies, and ProMera Health, LLC, through 2015 and monthly financial statements to date in 2016;

3. To the extent not included above, documents that support or evidence payroll, advertising expense, commission information, and applicable invoices for the above-listed entities.

To the extent that Plaintiff Vireo's motion to compel discovery seeks additional documents, the motion is **DENIED,** without prejudice to Vireo's right to seek additional documents after receiving and evaluating documents ordered produced above.

The undersigned further finds that Defendants' motion to compel discovery (Docket Entry No. 122) should be **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff Vireo shall produce to Defendants the following documents:

1. Vireo's financial statements, excluding a general ledger, sufficient to show its net income and net profit related to the manufacture and sale of products from 2007 – 2014.

2. Documents supporting Vireo's costs for administration, sales, fulfillment, storage, shipments, and marketing related to the manufacture and sale of products from 2007 – 2014.

To the extent that Defendants' motion to compel discovery seeks additional documents or information, the motion is **DENIED,** without prejudice to Defendants' right to seek additional documents following the production of documents ordered to be produced herein.

To the extent that documents produced in compliance with this order include confidential information, the parties may designate such documents as confidential pursuant to the protective order previously entered in this case (Docket Entry No. 92).

The parties shall produce documents as required by this order no later than **July 8, 2016**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge